This document is scheduled to be published in the Federal Register on 07/30/2018 and available online at **https://federalregister.gov/d/2018-15734**, and on **govinfo.gov**

[4830-01-p]

DEPARTMENT OF THE TREASURY

Internal Revenue Service

26 CFR Parts 1 and 602

[TD 9836]

RIN 1545-BH62

Substantiation and Reporting Requirements for Cash and Noncash Charitable Contribution Deductions

AGENCY: Internal Revenue Service (IRS), Treasury.

ACTION: Final regulations.

SUMMARY: These final regulations provide guidance concerning substantiation and reporting requirements for cash and noncash charitable contributions.  The final regulations reflect the enactment of provisions of the American Jobs Creation Act of 2004 and the Pension Protection Act of 2006.  These regulations provide guidance to individuals, partnerships, and corporations that make charitable contributions.

DATES: <u>Effective date</u>: These regulations are effective on **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**.

<u>Applicability dates</u>: For dates of applicability, see §§1.170A-1(k), 1.170A-14(j), 1.170A-15(h), 1.170A-16(g), 1.170A-17(c), 1.170A-18(d), 1.664-1(f), and 1.6050L-1(h).

FOR FURTHER INFORMATION CONTACT: Charles Gorham at (202) 317-7003 (not a toll-free number).

SUPPLEMENTARY INFORMATION:

**Paperwork Reduction Act**

The collections of information contained in these final regulations have been

reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545-1953.

The collections of information in these final regulations are in §§1.170A-15(a) and (d)(1); 1.170A-16(a), (b), (c), (d), (e), and (f); and 1.170A-18(a)(2) and (b). These collections of information are required to obtain a benefit and will enable the IRS to determine if a taxpayer is entitled to a claimed deduction for a charitable contribution.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

**Background**

This document contains amendments to the Income Tax Regulations, 26 CFR parts 1 and 602, relating to substantiating and reporting deductions for charitable contributions under section 170 of the Internal Revenue Code. These final regulations reflect amendments to section 170 made by section 883 of the American Jobs Creation Act of 2004, Public Law 108-357 (118 Stat. 1418, 1631) (Jobs Act), and sections 1216, 1217, and 1219 of the Pension Protection Act of 2006, Public Law 109-280 (120 Stat. 780, 1079-83) (PPA), which added new rules for substantiating charitable contributions. The final regulations also update cross-references to the section 170 regulations in other regulations.

Section 170(f)(8), which has been in the Code since 1993, provides that no deduction shall be allowed for any contribution of $250 or more, cash or noncash, unless the taxpayer substantiates the contribution with a contemporaneous written acknowledgment of the contribution by the donee organization.  The contemporaneous written acknowledgment must include: (1) the amount of cash and a description (but not value) of any property other than cash contributed; (2) a statement of whether the donee organization provided any goods or services in consideration, in whole or in part, for any such cash or property; and (3) a description and good faith estimate of the value of any such goods or services or, if such goods or services consist solely of intangible religious benefits, a statement to that effect.

Section 170(f)(11), as added by section 883 of the Jobs Act, restates, in part, section 155(a) of the Deficit Reduction Act of 1984 and contains reporting and substantiation requirements relating to the allowance of deductions for noncash charitable contributions.  Under section 170(f)(11)(C), taxpayers are required to obtain a qualified appraisal for donated property for which a deduction of more than $5,000 is claimed.

Under section 170(f)(11)(D), a qualified appraisal must be attached to any tax return claiming a deduction of more than $500,000. Section 170(h)(4)(B), as added by section 1213 of the PPA, adds the requirement that a qualified appraisal must be included with the taxpayer's return for the taxable year of the contribution for any contribution of a qualified real property interest that is a restriction as to the exterior of a building described in section 170(h)(4)(C)(ii).

Section 170(f)(11)(E), as amended by section 1219 of the PPA, provides

statutory definitions of  qualified appraisal and qualified appraiser for appraisals prepared with respect to returns filed after August 17, 2006.

Section 170(f)(11)(E)(i) provides that the term qualified appraisal means an appraisal that is (1) treated as a qualified appraisal under regulations or other guidance prescribed by the Secretary, and (2) conducted by a qualified appraiser in accordance with generally accepted appraisal standards and any regulations or other guidance prescribed by the Secretary.

Section 170(f)(11)(E)(ii) provides that the term qualified appraiser means an individual who (1) has earned an appraisal designation from a recognized professional appraiser organization or has otherwise met minimum education and experience requirements set forth in regulations prescribed by the Secretary, (2) regularly performs appraisals for which the individual receives compensation, and (3) meets such other requirements as may be prescribed by the Secretary in regulations or other guidance. Section 170(f)(11)(E)(iii) provides that an individual will not be treated as a qualified appraiser with respect to any specific appraisal unless that individual (1) demonstrates verifiable education and experience in valuing the type of property subject to the appraisal, and (2) has not been prohibited from practicing before the IRS by the Secretary under section 330(c) of Title 31 of the United States Code at any time during the 3-year period ending on the date of the appraisal.

On October 19, 2006, the Treasury Department and the IRS released Notice 2006-96, 2006-2 CB 902 (see § 601.601(d)(2)(ii)(b)), which provides transitional guidance on the definitions of qualified appraisal and qualified appraiser that apply on and after the effective date of the PPA definitions.

Section 170(f)(16) as added by section 1216 of the PPA generally provides that no deduction is allowed for a contribution of clothing or a household item unless the clothing or household item is in good used condition or better.

Section 170(f)(17) as added by section 1217 of the PPA imposes a recordkeeping requirement for all cash contributions, regardless of amount. Specifically, section 170(f)(17) requires a donor to maintain as a record of any cash, check, or other monetary gift (1) a bank record, or (2) a written communication from the donee.  The record must show the name of the donee organization, the date of the contribution, and the amount of the contribution.

On December 2, 2006, the Treasury Department and the IRS released Notice 2006-110, 2006-2 CB 1127 (see § 601.601(d)(2)(ii)(b)), which provides rules under section 170(f)(17) for substantiating charitable contributions made by payroll deduction.

On January 8, 2008, the Treasury Department and the IRS released Notice 2008-16, 2008-1 CB 315 (see § 601.601(d)(2)(ii)(b)), which provides rules under section 170(f)(17) for substantiating a one-time, lump-sum charitable contribution of a cash, check, or other monetary gift made through the Combined Federal Campaign (CFC) or a similar program.  Taxpayers may rely on Notice 2006-96, Notice 2006-110, and Notice 2008-16 prior to the effective date of these final regulations.

On August 7, 2008, the Treasury Department and the IRS provided guidance on complying with section 170 as amended by the Jobs Act and the PPA in a notice of proposed rulemaking (REG-140029-07) in the **Federal Register** (73 FR 45908).  The Treasury Department and the IRS received comments responding to the notice of proposed rulemaking, and a public hearing was held on January 23, 2009.  Copies of

the comments received are available for public inspection at www.regulations.gov or upon request.  After consideration of the comments received, the Treasury Department and the IRS adopt the proposed regulations as revised by this Treasury decision.  The revisions are discussed in this preamble.

**Explanation of Provisions and Summary of Comments**

The final regulations implement changes made by the Jobs Act and PPA to the substantiation and reporting rules for charitable contributions under section 170.  The final regulations set forth the substantiation requirements for contributions of more than $500 under section 170(f)(11)(B) through (D) (added by the Jobs Act); the new definitions of qualified appraisal and qualified appraiser applicable to noncash contributions under section 170(f)(11)(E) (added by the PPA); substantiation requirements for contributions of clothing and household items under section 170(f)(16) (added by the PPA); and recordkeeping requirements for all cash contributions under section 170(f)(17) (added by the PPA).

In addition, these final regulations amend the heading of §1.170A-13 to alert readers to the updated regulations.  The final regulations also update cross-references to the section 170 regulations in other regulations.

I.  Cash, Check, or Other Monetary Gift Substantiation Requirements

Section 1.170A-15 implements the requirements of section 170(f)(17) for cash, check, or other monetary gift contributions, as added by the PPA, and clarifies that these rules supplement the substantiation rules in section 170(f)(8).

A.  Contributions made to a distributing organization

A donor may make a charitable contribution of cash, check, or other monetary gift to an organization that collects contributions and distributes them to ultimate recipient organizations (pursuant to the donor's instructions or otherwise).  The final regulations adopt the general rule of the proposed regulations that treats as a donee for purposes of sections 170(f)(8) and 170(f)(17) an organization described in section 170(c) or a Principal Combined Fund Organization (PCFO) for purposes of the Combined Federal Campaign (CFC) and acting in that capacity.  The CFC is a workplace giving campaign established by Executive Order 10728, as amended by Executive Orders 10927, 12353, and 12404, and administered by the United States Office of Personnel Management (OPM).  A PCFO administers the local campaign and acts as a fiscal agent for the CFC.

1.  Blank Pledge Card is Not Substantiation

Some commenters asked whether a blank pledge card provided by a donee organization but filled out by the donor constitutes adequate substantiation for a contribution of cash to a distributing organization.  Section 170(f)(17) requires a taxpayer to maintain as a record of a contribution of a cash, check, or other monetary gift either a bank record or a written communication from the donee that shows the name of the donee organization, the date of the contribution, and the amount of the contribution.  The proposed and final regulations at §1.170A-15(b)(2) provide that a bank record includes a statement from a financial institution, an electronic fund transfer receipt, a canceled check, a scanned image of both sides of a canceled check obtained from a bank website, or a credit card statement.  In addition, the proposed and final regulations provide that a written communication includes an email.  Because a blank

pledge card provided by the donee organization to a donor does not show the information required under section 170(f)(17), it is not sufficient substantiation for a cash, check, or other monetary gift.

2. <u>Name of Donee for Purposes of CFC</u>

One commenter noted that because the CFC generally does not include the name of the donee organization on its pledge cards, and a PCFO for purposes of the CFC often is a potential ultimate recipient of a contribution to the CFC, including the name of the PCFO on the pledge card could unduly influence donors to contribute to the PCFO rather than to other eligible donees.  The commenter asked that the name of the local CFC campaign be treated as the name of the donee organization.  The Treasury Department and the IRS agree with this comment.  Accordingly, § 1.170A-15(d)(2)(ii) provides that the name of the local CFC may be used instead of the name of the PCFO and may be treated as the donee organization for purposes of sections 170(f)(8) and 170(f)(17) and §1.170A-15(d)(1)(ii).

B. <u>Compliance with 170(f)(8) and 170(f)(17) in a Single Document</u>

Some commenters asked if a single written acknowledgment can be used to satisfy the substantiation rules under sections 170(f)(8) and 170(f)(17).  Section 170(f)(8) does not require that a contemporaneous written acknowledgment by the donee organization include the date of the contribution.  In addition, section 170(f)(17) does not require that a written communication from the donee include a statement of whether any goods or services were provided in exchange for the contribution. Although there are different requirements under sections 170(f)(8) and 170(f)(17), §1.170A-15(a)(3) of the final regulations provides that a single written acknowledgment

that satisfies all substantiation requirements under both sections 170(f)(8) and 170(f)(17) is adequate substantiation for contributions of a cash, check, or other monetary gift.

II. Noncash Substantiation Requirements

Section 1.170A-16 implements the requirements of section 170(f)(11) for noncash contributions, as added by the Jobs Act, and clarifies that these rules are in addition to the requirements in section 170(f)(8).

Proposed and final §1.170A-16 provide that a donor who claims a deduction for a noncash contribution of less than $250 is required only to obtain a receipt from the donee or keep reliable records.  A donor who claims a noncash contribution of at least $250 but not more than $500 is required only to obtain a contemporaneous written acknowledgment, as provided under section 170(f)(8) and §1.170A-13(f).  For claimed noncash contributions of more than $500 but not more than $5,000, the donor must obtain a contemporaneous written acknowledgment and must also file a completed Form 8283 (Section A), "Noncash Charitable Contributions," with the return on which the deduction is claimed.  For claimed noncash contributions of more than $5,000, in addition to a contemporaneous written acknowledgment, the donor generally must obtain a qualified appraisal and must also complete and file either Section A or Section B of Form 8283 (depending on the type of property contributed) with the return on which the deduction is claimed.  For claimed noncash contributions of more than $500,000, the donor must also attach a copy of the qualified appraisal to the return for the taxable year in which the contribution is made.

Section 170(f)(11)(F) provides that for purposes of the $500, $5,000, and

$500,000 thresholds in section 170(f)(11), similar items contributed during the taxable year are treated as one property.  In determining whether a contribution meets the $250 threshold, §1.170A-13(f)(1) provides that separate contributions made during the tax year, regardless of whether the sum of those contributions equal or exceed $250, are not combined.  The proposed and final regulations also provide that the requirements for substantiation that must be submitted with a return also apply to the return for any carryover year under section 170(d).

A.  Reasonable Cause Exception

        In light of recent case law (see Crimi v. Commissioner, T.C. Memo. 2013-51), the paragraph relating to the reasonable cause exception set forth in proposed regulation §1.170A-16(f)(6) has been deleted from the final regulations because it is inconsistent with the Tax Court's position.  In Crimi, the IRS argued that there was no qualified appraisal.  The Tax Court discussed the doctrine of substantial compliance with respect to the qualified appraisal regulation, but stated that it was unnecessary to decide whether it was applicable to the petitioners' case because they established that the failure was due to reasonable cause.  Specifically, the court stated that a reasonable cause inquiry is "inherently a fact-intensive one, and facts and circumstances must be judged on a case-by-case basis." Id. at *99.  The court found that petitioners reasonably and in good faith relied on their long-time certified public accountant's advice that their appraisal met all the legal requirements to claim the deduction.  Thus, the final regulations do not contain a standard for the reasonable cause exception.

B.  Appraiser privacy concerns

        A number of commenters expressed concern over appraisers' privacy if the

appraiser's social security number is required on qualified appraisals and Forms 8283 (Section B).  This concern was addressed by the proposed regulations.  Both the proposed and final regulations require an appraiser to use a taxpayer identification number on an appraisal, but that number does not need to be the appraiser's social security number.  An appraiser may use an employer identification number, which may be obtained by: (1) applying on the IRS website (www.regulationsgov); or (2) filing a completed Form SS-4, Application for Employer Identification Number, by mail or by fax.  The IRS has modified the instructions to Form 8283 to make clear that an appraiser may use either a social security number or an employer identification number.

C.  Form 8283 is not a contemporaneous written acknowledgment

One commenter asked whether a Form 8283 can satisfy the requirement for a contemporaneous written acknowledgment under section 170(f)(8).  Although no format is prescribed for a contemporaneous written acknowledgment (for example, an email may qualify), a contemporaneous written acknowledgment of a contribution by the donee organization must contain all of the information required by section 170(f)(8)(B).  Moreover, section 170(f)(8)(A) states that the acknowledgment is made "by the donee organization."  Only Section B, part IV of Form 8283, completed for property valued at over $5,000, is a donee acknowledgment, and this acknowledgment only contains some of the information required by section 170(f)(8)(B).  Accordingly, even a fully-completed Form 8283 does not satisfy the requirements of section 170(f)(8).

D.  Form 8283 (Section B) provided to donee.

Another commenter suggested that the Form 8283 (Section B) should be required to be fully completed, including the appraiser information and the appraised or

claimed value of the property, before the donor obtains the donee's signature.  Section 1.170A-16(d)(5)(iii) of the proposed regulations provides that specific portions of the Form 8283 (Section B) must be completed before it is signed by the donee, but that the Form 8283 (Section B) does not need to contain certain other information, such as the appraiser information and the appraised or claimed value of the property, before the donee signs the form.  Regardless of any benefits that may result from additional information sharing, the public should have the opportunity to comment on any proposed requirement to share additional information with the donee.  Accordingly, the final regulations adopt the proposed regulation language without adoption of this suggestion.

E.  Attaching appraisal to carryover year returns

One commenter suggested deleting the requirement in the regulations to attach an appraisal to the tax returns for carryover years.  Because the need for the IRS to have the appraisal attached to each return reflecting a contribution in excess of $500,000 outweighs the burden on taxpayers to supply it, the final regulations retain this requirement.  Accordingly, if the appraisal is required to be attached to the return for the contribution year, it must also be attached to the returns for the carryover years.

III.  New Requirements for Qualified Appraisals and Qualified Appraisers

As prescribed in section 170(f)(11)(E), as amended by the PPA, §1.170A-17 of the proposed and final regulations provides definitions for qualified appraisal and qualified appraiser.

A.  Transitional rule

One commenter suggested that a transitional rule be included for §1.170A-17

because additional time may be needed to meet the education and experience requirements in §1.170A-17 for qualified appraisers.  In order to provide appraisers with a reasonable amount of time to meet the new education and experience requirements, the final rules under §1.170A-17 apply only to contributions made on or after January 1, 2019.

B.  Definition of generally accepted appraisal standards

Section 170(f)(11)(E)(i)(II) provides that the term qualified appraisal means an appraisal that is conducted by a qualified appraiser in accordance with generally accepted appraisal standards.  Generally accepted appraisal standards are defined in the proposed regulations at §1.170A-17(a)(2) as the "substance and principles of the Uniform Standards of Professional Appraisal Practice [USPAP], as developed by the Appraisal Standards Board of the Appraisal Foundation."  Several commenters recommended that the final regulations require appraisal documents to be prepared "in accordance with USPAP" and not merely in accordance with the "substance and principles of USPAP."  Other commenters indicated that strict compliance with USPAP would eliminate use of all other appraisal standards, including some that are generally accepted in the appraisal industry.  The Treasury Department and the IRS agree that it is beneficial to provide some flexibility by requiring conformity with appraisal standards that are consistent with the substance and principles of USPAP rather than requiring that all appraisals be prepared strictly in accordance with USPAP.  Accordingly, the final regulations do not adopt the recommendation to require strict compliance with USPAP and retain the requirement of consistency with the substance and principles of USPAP.

C.  Education and experience requirement for qualified appraisers

Section 170(f)(11)(E)(ii)(I) and (iii)(I) and §1.170A-17(b) of the proposed regulations provide that a qualified appraiser is an individual with verifiable education and experience in valuing the type of property for which the appraisal is performed. Some commenters reiterated suggestions made in response to Notice 2006-96 that the final regulations interpret the requirement in section 170(f)(11)(E) that a qualified appraiser have verifiable "education <u>and</u> experience" as requiring verifiable "education <u>or</u> experience."  The Treasury Department and the IRS did not adopt this suggestion in the proposed regulations, and do not do so in the final regulations, because it would be contrary to the clear language of the statute.

Section 1.170A-17(b)(4) of the proposed regulations requires an appraiser to specify in the appraisal the appraiser's education and experience in valuing the type of property and to make a declaration in the appraisal that, because of the appraiser's education and experience, the appraiser is qualified to make appraisals of the type of property being valued.  A commenter suggested that, to meet the "verifiable" requirement in §1.170A-17(b), the appraiser should be required to specify in the appraisal only that the appraiser is a qualified appraiser under §1.170A-17(b) and that the appraisal was prepared in accordance with the substance and principles of USPAP. The general statement of qualification suggested by the commenter does not demonstrate, as required under section 170(f)(11)(E)(iii)(I), that the appraiser has verifiable education and experience that qualifies the appraiser to prepare the appraisal for that type of property.  Accordingly, the final regulations do not adopt this suggestion.

D.  <u>Parity between "designation" and "education and experience"</u>

Section 1.170A-17(b)(2)(i) of the proposed regulations provides that an individual is treated as having education and experience in valuing the type of property if, as of the date the individual signs the appraisal, the individual has satisfied the following requirements: (A) successfully completed professional or college-level coursework in valuing the type of property and has two or more years of experience in valuing the type of property; or (B) earned a recognized appraiser designation for the type of property. One commenter suggested that it is much more difficult to earn a designation from a generally recognized professional appraiser organization under §1.170A-17(b)(2)(i)(B) than to satisfy the education and experience requirements under §1.170A-17(b)(2)(i)(A). The commenter suggested that the education and experience requirements be made more stringent.  In enacting section 170(f)(11)(E), Congress intended to improve the accuracy of deductions claimed for noncash contributions by requiring qualified appraisers to meet more stringent qualification standards, including by requiring that both education and experience requirements be met.  See H.R. Rep. No. 108-548, pt. 1, at 356 (2004).  The requirements for education and experience in the proposed regulations are sufficiently stringent as intended by Congress.  Accordingly, the final regulations do not adopt this suggestion and retain without modification the requirements for education and experience in the proposed regulations.

E. <u>Satisfying verifiable education requirement</u>

Section 170(f)(11)(E)(iii)(I) requires verifiable education and experience in valuing the type of property subject to the appraisal.  Section 1.170A-17(b)(2)(i)(A) of the proposed regulations provides that an individual is treated as having education and experience in valuing the type of property if, as of the date the individual signs the

appraisal, the individual has successfully completed (for example, received a passing grade on a final examination) professional or college-level coursework in valuing the type of property, and has two or more years of experience in valuing the type of property.  One commenter asked whether attendance at a training event that does not include a final examination meets the requirement of successful completion of coursework.  The reference to a passing grade on a final examination in §1.170A-17(b)(2)(i)(A) is merely an example of what is considered successful completion of professional or college-level coursework, and other evidence of successful completion may be sufficient.  However, mere attendance at a training event is not sufficient, and evidence of successful completion of coursework is necessary under the final regulations.

F.  Education provided by trade organization

Two commenters pointed out that, in addition to generally recognized professional appraiser organizations, a generally recognized professional trade organization may provide coursework that satisfies the requirement for verifiable education in valuing the type of property under §1.170A-17(b)(2)(i)(A) and (ii)(B).  The Treasury Department and the IRS agree with this comment, and the final regulations provide that an appraiser also can satisfy §1.170A-17(b)(2)(i)(A) and (ii)(B) by successfully completing coursework in valuing the type of property from a generally recognized professional trade organization.

G.  Examples of generally recognized professional appraiser organizations

Some commenters objected to the references in the proposed regulations to designations conferred by one particular organization as examples of recognized

appraiser designations.  The Treasury Department and the IRS do not require or prefer the designation of any particular appraiser organization, and, therefore, the final regulations do not contain examples of any designations.

IV. <u>Additional Comments</u>

A number of commenters requested that the Treasury Department and the IRS provide that the final regulations apply to charitable contributions for all federal tax purposes, including estate and gift tax.  These regulations are promulgated under Jobs Act and PPA provisions that apply only to income tax deductions for charitable contributions under section 170.  No substantive changes were made to the proposed regulations in response to these comments because these comments were beyond the scope of the proposed regulations.

Some commenters suggested that appraisers be allowed to use certain IRS valuation tables, such as those for charitable remainder trusts, other remainder interests in property, and life insurance policies, instead of a qualified appraisal.  These tables may be used to value property in certain other contexts, but they do not necessarily provide a fair market value of the property contributed.  Therefore, these tables are not acceptable substitutes for a qualified appraisal to substantiate deductions for charitable contributions under section 170.

Another commenter suggested that taxpayers should not be required to substantiate their charitable contribution deduction with a qualified appraisal when they purchase medical equipment, such as a Magnetic Resonance Imaging (MRI) machine, and donate the equipment to a qualified organization.  The purchase price of the medical equipment may differ from its fair market value.  A qualified appraisal prepared

by a qualified appraiser is required to determine the fair market value at the time of contribution.  Therefore, no changes were made to the proposed regulations in response to this comment.

**Effect on Other Documents**

Notice 2006-96 provides transitional guidance on the definitions of <u>qualified</u> <u>appraisal</u> and <u>qualified</u> <u>appraiser</u> under section 170(f)(11).  Notice 2006-110 provides transitional guidance under section 170(f)(17) for substantiating charitable contributions made by payroll deduction.  Notice 2008-16 provides transitional guidance under section 170(f)(17) for substantiating a one-time, lump-sum charitable contribution of a cash, check, or other monetary gift made through the CFC or a similar program.  All three notices provide that taxpayers may rely on the notices until final regulations are effective.  Accordingly, Notice 2006-110 and Notice 2008-16 are obsolete as of **[INSERT DATE OF PUBLICATION  IN THE FEDERAL REGISTER]** and Notice 2006-96 is obsolete as of January 1, 2019.

V.  <u>Applicability Dates</u>

In general, §§1.170A-15, 1.170A-16, and 1.170A-18 apply to contributions made after **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**.  Section 1.170A-17 applies to contributions made on or after January 1, 2019.  Taxpayers are reminded that the effective dates of the Jobs Act and the PPA relating to substantiating and reporting charitable contributions precede the effective date of these final regulations, and the Jobs Act and the PPA apply in accordance with their applicability dates.  <u>See</u> Notice 2006-96.

**Special Analyses**

This regulation is not subject to review under section 6(b) of Executive Order 12866 pursuant to the Memorandum of Agreement (April 11, 2018) between the Department of the Treasury and the Office of Management and Budget regarding review of tax regulations.  Further it is hereby certified that these regulations will not have a significant economic impact on a substantial number of small entities. Accordingly, a Regulatory Flexibility Analysis under the Regulatory Flexibility Act (5 U.S.C. chapter 6) is not required.  Although this rule could affect a substantial number of small entities, any economic impact is expected to be minimal. The final rule provides clarifications and simplifications to the existing substantiation and reporting requirements for charitable contributions and are designed to reduce the burden on taxpayers.  Further, any substantiation and reporting rules contained in these final regulations that are in addition to the rules in current regulations reflect statutory substantiation and reporting requirements.  Pursuant to section 7805(f) of the Internal Revenue Code, the notice of proposed rulemaking preceding this regulation was submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on its impact on small business, and no comments were received.

**Drafting Information**

The principal author of these regulations is Charles Gorham of the Office of Associate Chief Counsel (Income Tax and Accounting).  Other personnel from the Treasury Department and the IRS participated in their development.

**List of Subjects**

26 CFR Part 1

Income taxes, Reporting and recordkeeping requirements.

26 CFR Part 602

Reporting and recordkeeping requirements.

**Adoption of Amendments to the Regulations**

Accordingly, 26 CFR parts 1 and 602 are amended as follows:

PART 1--INCOME TAXES

Paragraph 1.  The authority citation for part 1  amended by adding sectional authorities for §§1.170A-15 through 1.170A-18 in numerical order to read in part as follows:

Authority: 26 U.S.C. 7805 * * *

* * * * *

§1.170A-15 also issued under 26 U.S.C. 170(a)(1).
§1.170A-16 also issued under 26 U.S.C. 170(a)(1) and 170(f)(11).
§1.170A-17 also issued under 26 U.S.C. 170(a)(1) and 170(f)(11).
§1.170A-18 also issued under 26 U.S.C. 170(a)(1).

* * * * *

**§§1.170-0, 1.170-1, and 1.170-2 [Removed]**

Par. 2.  Sections 1.170-0, 1.170-1, and 1.170-2 are removed.

Par. 3.  Section 1.170A-1 is amended by revising the third sentence of paragraph (a) and adding two sentences to the end of paragraph (k) to read as follows:

§1.170A-1 Charitable, etc., contributions and gifts; allowance of deduction.

(a)  * * * For rules relating to record keeping and return requirements in support of deductions for charitable contributions (whether by an itemizing or nonitemizing taxpayer), see §§1.170A-13, 1.170A-14, 1.170A-15, 1.170A-16, 1.170A-17, and 1.170A-18. * * *

* * * * *

(k)  * * * The third sentence of paragraph (a) applies as provided in the sections

referenced in that sentence.

Par. 4.  Section 1.170A-13 is amended by revising the heading to read as follows:

§1.170A-13 Recordkeeping and return requirements for deductions for charitable contributions.

* * * * * *

Par. 5.  Section 1.170A-14 is amended by revising paragraphs (i) and (j) to read as follows:

§1.170A-14. Qualified conservation contributions.

* * * * *

(i) Substantiation requirement.  If a taxpayer makes a qualified conservation contribution and claims a deduction, the taxpayer must maintain written records of the fair market value of the underlying property before and after the donation and the conservation purpose furthered by the donation, and such information shall be stated in the taxpayer's income tax return if required by the return or its instructions.  See also §1.170A-13(c) (relating to substantiation requirements for deductions in excess of $5,000 for charitable contributions made on or before **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**); §1.170A-16(d) (relating to substantiation of charitable contributions of more than $5,000 made after **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**); §1.170A-17 (relating to the definitions of qualified appraisal and qualified appraiser for substantiation of contributions made on or after January 1, 2019); and section 6662 (relating to the imposition of an accuracy-related penalty on underpayments). Taxpayers may rely on

the rules in §1.170A-16(d) for contributions made after June 3, 2004, or appraisals prepared for returns or submissions filed after August 17, 2006.  Taxpayers may rely on the rules in §1.170A-17 for appraisals prepared for returns or submissions filed after August 17, 2006.

(j) Effective/applicability dates.  Except as otherwise provided in §1.170A-14(g)(4)(ii) and §1.170A-14(i), this section applies only to contributions made on or after December 18, 1980.

Par. 6.  Section 1.170A-15 is added to read as follows:

§1.170A-15 Substantiation requirements for charitable contribution of a cash, check, or other monetary gift.

(a) In general--(1) Bank record or written communication required.  No deduction is allowed under sections 170(a) and 170(f)(17) for a charitable contribution in the form of a cash, check, or other monetary gift, as described in paragraph (b)(1) of this section, unless the donor substantiates the deduction with a bank record, as described in paragraph (b)(2) of this section, or a written communication, as described in paragraph (b)(3) of this section, from the donee showing the name of the donee, the date of the contribution, and the amount of the contribution.

(2) Additional substantiation required for contributions of $250 or more.  No deduction is allowed under section 170(a) for any contribution of $250 or more unless the donor substantiates the contribution with a contemporaneous written acknowledgment, as described in section 170(f)(8) and §1.170A-13(f), from the donee.

(3) Single document may be used.  The requirements of paragraphs (a)(1) and (2) of this section may be met by a single document that contains all the information

required by paragraphs (a)(1) and (2) of this section, if the document is obtained by the donor no later than the date prescribed by paragraph (c) of this section.

(b) <u>Terms</u>--(1) <u>Monetary gift</u> includes a transfer of a gift card redeemable for cash, and a payment made by credit card, electronic fund transfer (as described in section 5061(e)(2)), an online payment service, or payroll deduction.

(2) <u>Bank record</u> includes a statement from a financial institution, an electronic fund transfer receipt, a canceled check, a scanned image of both sides of a canceled check obtained from a bank website, or a credit card statement.

(3) <u>Written communication</u> includes email.

(c) <u>Deadline for receipt of substantiation</u>.  The substantiation described in paragraph (a) of this section must be received by the donor on or before the earlier of--

(1) The date the donor files the original return for the taxable year in which the contribution was made; or

(2) The due date, including any extension, for filing the donor's original return for that year.

(d) <u>Special rules</u>--(1) <u>Contributions made by payroll deduction</u>.  In the case of a charitable contribution made by payroll deduction, a donor is treated as meeting the requirements of section 170(f)(17) and paragraph (a) of this section if, no later than the date described in paragraph (c) of this section, the donor obtains--

(i) A pay stub, Form W-2, "Wage and Tax Statement," or other employer-furnished document that sets forth the amount withheld during the taxable year for payment to a donee; and

(ii) A pledge card or other document prepared by or at the direction of the donee

that shows the name of the donee.

(2) Distributing organizations as donees.  The following organizations are treated as donees for purposes of section 170(f)(17) and paragraph (a) of this section, even if the organization (pursuant to the donor's instructions or otherwise) distributes the amount received to one or more organizations described in section 170(c):

(i) An organization described in section 170(c).

(ii) An organization described in 5 CFR 950.105 (a Principal Combined Fund Organization (PCFO) for purposes of the Combined Federal Campaign (CFC)) and acting in that capacity.  For purposes of the requirement for a written communication under section 170(f)(17), if the donee is a PCFO, the name of the local CFC campaign may be treated as the name of the donee organization.

(e) Substantiation of out-of-pocket expenses.  Paragraph (a)(1) of this section does not apply to a donor who incurs unreimbursed expenses of less than $250 incident to the rendition of services, within the meaning of §1.170A-1(g).  For substantiation of unreimbursed out-of-pocket expenses of $250 or more, see §1.170A-13(f)(10).

(f) Charitable contributions made by partnership or S corporation.  If a partnership or an S corporation makes a charitable contribution, the partnership or S corporation is treated as the donor for purposes of section 170(f)(17) and paragraph (a) of this section.

(g) Transfers to certain trusts.  The requirements of section 170(f)(17) and paragraphs (a)(1) and (3) of this section do not apply to a transfer of a cash, check, or other monetary gift to a trust described in section 170(f)(2)(B); a charitable remainder annuity trust, as described in section 664(d)(1) and the corresponding regulations; or a

charitable remainder unitrust, as described in section 664(d)(2) or (d)(3) and the corresponding regulations.  The requirements of section 170(f)(17) and paragraphs (a)(1) and (2) of this section do apply, however, to a transfer to a pooled income fund, as defined in section 642(c)(5).

(h) Effective/applicability date.  This section applies to contributions made after **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**.  Taxpayers may rely on the rules of this section for contributions made in taxable years beginning after August 17, 2006.

Par. 7.  Section 1.170A-16 is added to read as follows:

§1.170A-16 Substantiation and reporting requirements for noncash charitable contributions.

(a) Substantiation of charitable contributions of less than $250--(1) Individuals, partnerships, and certain corporations required to obtain receipt.  Except as provided in paragraph (a)(2) of this section, no deduction is allowed under section 170(a) for a noncash charitable contribution of less than $250 by an individual, partnership, S corporation, or C corporation that is a personal service corporation or closely held corporation unless the donor maintains for each contribution a receipt from the donee showing the following information:

(i) The name and address of the donee;

(ii) The date of the contribution;

(iii) A description of the property in sufficient detail under the circumstances (taking into account the value of the property) for a person who is not generally familiar with the type of property to ascertain that the described property is the contributed

property; and

(iv) In the case of securities, the name of the issuer, the type of security, and whether the securities are publicly traded securities within the meaning of §1.170A-13(c)(7)(xi).

(2) Substitution of reliable written records--(i) In general.  If it is impracticable to obtain a receipt (for example, where a donor deposits property at a donee's unattended drop site), the donor may satisfy the recordkeeping rules of this paragraph (a) by maintaining reliable written records, as described in paragraphs (a)(2)(ii) and (iii) of this section, for the contributed property.

(ii) Reliable written records.  The reliability of written records is to be determined on the basis of all of the facts and circumstances of a particular case, including the proximity in time of the written record to the contribution.

(iii) Contents of reliable written records.  Reliable written records must include--

(A) The information required by paragraph (a)(1) of this section;

(B) The fair market value of the property on the date the contribution was made;

(C) The method used in determining the fair market value; and

(D) In the case of a contribution of clothing or a household item as defined in §1.170A-18(c), the condition of the item.

(3) Additional substantiation rules may apply.  For additional substantiation rules, see paragraph (f) of this section.

(b) Substantiation of charitable contributions of $250 or more but not more than $500.  No deduction is allowed under section 170(a) for a noncash charitable contribution of $250 or more but not more than $500 unless the donor substantiates the

contribution with a contemporaneous written acknowledgment, as described in section 170(f)(8) and §1.170A-13(f).

(c) <u>Substantiation of charitable contributions of more than $500 but not more than $5,000</u>--(1) <u>In general</u>.  No deduction is allowed under section 170(a) for a noncash charitable contribution of more than $500 but not more than $5,000 unless the donor substantiates the contribution with a contemporaneous written acknowledgment, as described in section 170(f)(8) and §1.170A-13(f), and meets the applicable requirements of this section.

(2)  <u>Individuals, partnerships, and certain corporations also required to file Form 8283 (Section A)</u>.  No deduction is allowed under section 170(a) for a noncash charitable contribution of more than $500 but not more than $5,000 by an individual, partnership, S corporation, or C corporation that is a personal service corporation or closely held corporation unless the donor completes Form 8283 (Section A), "Noncash Charitable Contributions," as provided in paragraph (c)(3) of this section, or a successor form, and files it with the return on which the deduction is claimed.

(3) <u>Completion of Form 8283 (Section A)</u>.  A completed Form 8283 (Section A) includes--

(i) The donor's name and taxpayer identification number (for example, a social security number or employer identification number);

(ii) The name and address of the donee;

(iii) The date of the contribution;

(iv) The following information about the contributed property:

(A) A description of the property in sufficient detail under the circumstances,

taking into account the value of the property, for a person who is not generally familiar with the type of property to ascertain that the described property is the contributed property;

(B) In the case of real or tangible personal property, the condition of the property;

(C) In the case of securities, the name of the issuer, the type of security, and whether the securities are publicly traded securities within the meaning of §1.170A-13(c)(7)(xi);

(D) The fair market value of the property on the date the contribution was made and the method used in determining the fair market value;

(E) The manner of acquisition (for example, by purchase, gift, bequest, inheritance, or exchange), and the approximate date of acquisition of the property by the donor (except that in the case of a contribution of publicly traded securities as defined in §1.170A-13(c)(7)(xi), a representation that the donor held the securities for more than one year is sufficient) or, if the property was created, produced, or manufactured by or for the donor, the approximate date the property was substantially completed;

(F) The cost or other basis, adjusted as provided by section 1016, of the property (except that the cost or basis is not required for contributions of publicly traded securities (as defined in §1.170A-13(c)(7)(xi)) that would have resulted in long-term capital gain if sold on the contribution date, unless the donor has elected to limit the deduction to basis under section 170(b)(1)(C)(iii));

(G) In the case of tangible personal property, whether the donee has certified it for a use related to the purpose or function constituting the donee's basis for exemption

under section 501, or in the case of a governmental unit, an exclusively public purpose; and

(v) Any other information required by Form 8283 (Section A) or the instructions to Form 8283 (Section A).

(4) Additional requirement for certain vehicle contributions.  In the case of a contribution of a qualified vehicle described in section 170(f)(12)(E) for which an acknowledgment by the donee organization is required under section 170(f)(12)(D), the donor must attach a copy of the acknowledgment to the Form 8283 (Section A) for the return on which the deduction is claimed.

(5) Additional substantiation rules may apply.  For additional substantiation rules, see paragraph (f) of this section.

(d) Substantiation of charitable contributions of more than $5,000--(1) In general. Except as provided in paragraph (d)(2) of this section, no deduction is allowed under section 170(a) for a noncash charitable contribution of more than $5,000 unless the donor--

(i) Substantiates the contribution with a contemporaneous written acknowledgment, as described in section 170(f)(8) and §1.170A-13(f);

(ii) Obtains a qualified appraisal, as defined in §1.170A-17(a)(1), prepared by a qualified appraiser, as defined in §1.170A-17(b)(1); and

(iii) Completes Form 8283 (Section B), as provided in paragraph (d)(3) of this section, or a successor form, and files it with the return on which the deduction is claimed.

(2) Exception for certain noncash contributions.  A qualified appraisal is not

required, and a completed Form 8283 (Section A) containing the information required in paragraph (c)(3) of this section meets the requirements of paragraph (d)(1)(iii) of this section for contributions of--

(i) Publicly traded securities as defined in §1.170A-13(c)(7)(xi);

(ii) Property described in section 170(e)(1)(B)(iii) (certain intellectual property);

(iii) A qualified vehicle described in section 170(f)(12)(A)(ii) for which an acknowledgment under section 170(f)(12)(B)(iii) is provided; and

(iv) Property described in section 1221(a)(1) (inventory and property held by the donor primarily for sale to customers in the ordinary course of the donor's trade or business).

(3) <u>Completed Form 8283 (Section B)</u>.  A completed Form 8283 (Section B) includes--

(i) The donor's name and taxpayer identification number (for example, a social security number or employer identification number);

(ii) The donee's name, address, taxpayer identification number, signature, the date signed by the donee, and the date the donee received the property;

(iii) The appraiser's name, address, taxpayer identification number, appraiser declaration, as described in paragraph (d)(4) of this section, signature, and the date signed by the appraiser;

(iv) The following information about the contributed property:

(A) The fair market value on the valuation effective date, as defined in §1.170A-17(a)(5)(i).

(B) A description in sufficient detail under the circumstances, taking into account

the value of the property, for a person who is not generally familiar with the type of property to ascertain that the described property is the contributed property.

(C) In the case of real property or tangible personal property, the condition of the property;

(v) The manner of acquisition (for example, by purchase, gift, bequest, inheritance, or exchange), and the approximate date of acquisition of the property by the donor, or, if the property was created, produced, or manufactured by or for the donor, the approximate date the property was substantially completed;

(vi) The cost or other basis of the property, adjusted as provided by section 1016;

(vii) A statement explaining whether the charitable contribution was made by means of a bargain sale and, if so, the amount of any consideration received for the contribution; and

(viii) Any other information required by Form 8283 (Section B) or the instructions to Form 8283 (Section B).

(4) Appraiser declaration.  The appraiser declaration referred to in paragraph (d)(3)(iii) of this section must include the following statement: "I understand that my appraisal will be used in connection with a return or claim for refund.  I also understand that, if there is a substantial or gross valuation misstatement of the value of the property claimed on the return or claim for refund that is based on my appraisal, I may be subject to a penalty under section 6695A of the Internal Revenue Code, as well as other applicable penalties.  I affirm that I have not been at any time in the three-year period ending on the date of the appraisal barred from presenting evidence or testimony before the Department of the Treasury or the Internal Revenue Service pursuant to 31 U.S.C.

section 330(c)."

(5) Donee signature--(i) Person authorized to sign.  The person who signs Form 8283 (Section B) for the donee must be either an official authorized to sign the tax or information returns of the donee, or a person specifically authorized to sign Forms 8283 (Section B) by that official.  In the case of a donee that is a governmental unit, the person who signs Form 8283 (Section B) for the donee must be an official of the governmental unit.

(ii) Effect of donee signature.  The signature of the donee on Form 8283 (Section B) does not represent concurrence in the appraised value of the contributed property. Rather, it represents acknowledgment of receipt of the property described in Form 8283 (Section B) on the date specified in Form 8283 (Section B) and that the donee understands the information reporting requirements imposed by section 6050L and §1.6050L-1.

(iii) Certain information not required on Form 8283 (Section B) before donee signs.  Before Form 8283 (Section B) is signed by the donee, Form 8283 (Section B) must be completed (as described in paragraph (d)(3) of this section), except that it is not required to contain the following:

(A) The appraiser declaration or information about the qualified appraiser.

(B) The manner or date of acquisition.

(C) The cost or other basis of the property.

(D) The appraised fair market value of the contributed property.

(E) The amount claimed as a charitable contribution.

(6) Additional substantiation rules may apply.  For additional substantiation rules,

see paragraph (f) of this section.

(7) More than one appraiser.  More than one appraiser may appraise the donated property.  If more than one appraiser appraises the property, the donor does not have to use each appraiser's appraisal for purposes of substantiating the charitable contribution deduction under this paragraph (d).  If the donor uses the appraisal of more than one appraiser, or if two or more appraisers contribute to a single appraisal, each appraiser shall comply with the requirements of this paragraph (d) and the requirements in §1.170A-17, including signing the qualified appraisal and appraisal summary.

(e) Substantiation of noncash charitable contributions of more than $500,000--(1) In general.  Except as provided in paragraph (e)(2) of this section, no deduction is allowed under section 170(a) for a noncash charitable contribution of more than $500,000 unless the donor--

(i) Substantiates the contribution with a contemporaneous written acknowledgment, as described in section 170(f)(8) and §1.170A-13(f);

(ii) Obtains a qualified appraisal, as defined in §1.170A-17(a)(1), prepared by a qualified appraiser, as defined in §1.170A-17(b)(1);

(iii) Completes, as described in paragraph (d)(3) of this section, Form 8283 (Section B) and files it with the return on which the deduction is claimed; and

(iv) Attaches the qualified appraisal of the property to the return on which the deduction is claimed.

(2) Exception for certain noncash contributions.  For contributions of property described in paragraph (d)(2) of this section, a qualified appraisal is not required, and a completed Form 8283 (Section A), containing the information required in paragraph

(c)(3) of this section, meets the requirements of paragraph (e)(1)(iii) of this section.

(3) Additional substantiation rules may apply.  For additional substantiation rules, see paragraph (f) of this section.

(f) Additional substantiation rules--(1) Form 8283 (Section B) furnished by donor to donee.  A donor who presents a Form 8283 (Section B) to a donee for signature must furnish to the donee a copy of the Form 8283 (Section B).

(2)  Number of Forms 8283 (Section A or Section B)--(i) In general.  For each item of contributed property for which a Form 8283 (Section A or Section B) is required under paragraphs (c), (d), or (e) of this section, a donor must attach a separate Form 8283 (Section A or Section B) to the return on which the deduction for the item is claimed.

(ii) Exception for similar items.  The donor may attach a single Form 8283 (Section A or Section B) for all similar items of property, as defined in §1.170A-13(c)(7)(iii), contributed to the same donee during the donor's taxable year, if the donor includes on Form 8283 (Section A or Section B) the information required by paragraph (c)(3) or (d)(3) of this section for each item of property.

(3) Substantiation requirements for carryovers of noncash contribution deductions.  The rules in paragraphs (c), (d), and (e) of this section (regarding substantiation that must be submitted with a return) also apply to the return for any carryover year under section 170(d).

(4) Partners and S corporation shareholders--(i) Form 8283 (Section A or Section B) must be provided to partners and S corporation shareholders.  If the donor is a partnership or S corporation, the donor must provide a copy of the completed Form

8283 (Section A or Section B) to every partner or shareholder who receives an allocation of a charitable contribution deduction under section 170 for the property described in Form 8283 (Section A or Section B).  Similarly, a recipient partner or shareholder that is a partnership or S corporation must provide a copy of the completed Form 8283 (Section A or Section B) to each of its partners or shareholders who receives an allocation of a charitable contribution deduction under section 170 for the property described in Form 8283 (Section A or Section B).

(ii) Partners and S corporation shareholders must attach Form 8283 (Section A or Section B) to return.  A partner of a partnership or shareholder of an S corporation who receives an allocation of a charitable contribution deduction under section 170 for property to which paragraph (c), (d), or (e) of this section applies must attach a copy of the partnership's or S corporation's completed Form 8283 (Section A or Section B) to the return on which the deduction is claimed.

(5) Determination of deduction amount for purposes of substantiation rules--(i) In general.  In determining whether the amount of a donor's deduction exceeds the amounts set forth in section 170(f)(11)(B) (noncash contributions exceeding $500), 170(f)(11)(C) (noncash contributions exceeding $5,000), or 170(f)(11)(D) (noncash contributions exceeding $500,000), the rules of paragraphs (f)(5)(ii) and (iii) of this section apply.

(ii) Similar items of property must be aggregated.  Under section 170(f)(11)(F), the donor must aggregate the amount claimed as a deduction for all similar items of property, as defined in §1.170A-13(c)(7)(iii), contributed during the taxable year.  For rules regarding the number of qualified appraisals and Forms 8283 (Section A or

Section B) required if similar items of property are contributed, see §1.170A-13(c)(3)(iv)(A) and (4)(iv)(B).

(iii) <u>For contributions of certain inventory and scientific property, excess of amount claimed over cost of goods sold taken into account</u>--(A) <u>In general</u>. In determining the amount of a donor's contribution of property to which section 170(e)(3) (relating to contributions of inventory and other property) or (e)(4) (relating to contributions of scientific property used for research) applies, the donor must take into account only the excess of the amount claimed as a deduction over the amount that would have been treated as the cost of goods sold if the donor had sold the contributed property to the donee.

(B) <u>Example</u>. The following example illustrates the rule of this paragraph (f)(5)(iii):

<u>Example</u>. X Corporation makes a contribution of inventory described in section 1221(a)(2). The contribution, described in section 170(e)(3), is for the care of the needy. The cost of the property to <u>X</u> Corporation is $5,000 and the fair market value of the property at the time of the contribution is $11,000. Pursuant to section 170(e)(3)(B), X Corporation claims a charitable contribution deduction of $8,000 ($5,000 + 1/2 × ($11,000 – 5,000) = $8,000). The amount taken into account for purposes of determining the $5,000 threshold of paragraph (d) of this section is $3,000 ($8,000-$5,000).

(g) <u>Effective/applicability date</u>. This section applies to contributions made after **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**. Taxpayers may rely on the rules of this section for contributions made after June 3, 2004, or appraisals prepared for returns or submissions filed after August 17, 2006.

Par. 8. Section 1.170A-17 is added to read as follows:

<u>§1.170A-17 Qualified appraisal and qualified appraiser</u>.

(a) <u>Qualified appraisal</u>--(1) <u>Definition</u>. For purposes of section 170(f)(11) and

§1.170A-16(d)(1)(ii) and (e)(1)(ii), the term <u>qualified appraisal</u> means an appraisal document that is prepared by a qualified appraiser (as defined in paragraph (b)(1) of this section) in accordance with generally accepted appraisal standards (as defined in paragraph (a)(2) of this section) and otherwise complies with the requirements of this paragraph (a).

(2) <u>Generally accepted appraisal standards defined</u>.  For purposes of paragraph (a)(1) of this section, <u>generally accepted appraisal standards</u> means the substance and principles of the Uniform Standards of Professional Appraisal Practice, as developed by the Appraisal Standards Board of the Appraisal Foundation.

(3) <u>Contents of qualified appraisal</u>.  A qualified appraisal must include--

(i) The following information about the contributed property:

(A) A description in sufficient detail under the circumstances, taking into account the value of the property, for a person who is not generally familiar with the type of property to ascertain that the appraised property is the contributed property.

(B) In the case of real property or tangible personal property, the condition of the property.

(C) The valuation effective date, as defined in paragraph (a)(5)(i) of this section.

(D) The fair market value, within the meaning of §1.170A-1(c)(2), of the contributed property on the valuation effective date;

(ii) The terms of any agreement or understanding by or on behalf of the donor and donee that relates to the use, sale, or other disposition of the contributed property, including, for example, the terms of any agreement or understanding that--

(A) Restricts temporarily or permanently a donee's right to use or dispose of the

contributed property;

(B) Reserves to, or confers upon, anyone, other than a donee or an organization participating with a donee in cooperative fundraising, any right to the income from the contributed property or to the possession of the property, including the right to vote contributed securities, to acquire the property by purchase or otherwise, or to designate the person having income, possession, or right to acquire; or

(C) Earmarks contributed property for a particular use;

(iii) The date, or expected date, of the contribution to the donee;

(iv) The following information about the appraiser:

(A) Name, address, and taxpayer identification number.

(B) Qualifications to value the type of property being valued, including the appraiser's education and experience.

(C) If the appraiser is acting in his or her capacity as a partner in a partnership, an employee of any person, whether an individual, corporation, or partnership, or an independent contractor engaged by a person other than the donor, the name, address, and taxpayer identification number of the partnership or the person who employs or engages the qualified appraiser;

(v) The signature of the appraiser and the date signed by the appraiser (appraisal report date);

(vi) The following declaration by the appraiser: "I understand that my appraisal will be used in connection with a return or claim for refund.  I also understand that, if there is a substantial or gross valuation misstatement of the value of the property claimed on the return or claim for refund that is based on my appraisal, I may be subject

to a penalty under section 6695A of the Internal Revenue Code, as well as other applicable penalties.  I affirm that I have not been at any time in the three-year period ending on the date of the appraisal barred from presenting evidence or testimony before the Department of the Treasury or the Internal Revenue Service pursuant to 31 U.S.C. section 330(c)";

(vii) A statement that the appraisal was prepared for income tax purposes;

(viii) The method of valuation used to determine the fair market value, such as the income approach, the market-data approach, or the replacement-cost-less-depreciation approach; and

(ix) The specific basis for the valuation, such as specific comparable sales transactions or statistical sampling, including a justification for using sampling and an explanation of the sampling procedure employed.

(4) Timely appraisal report.  A qualified appraisal must be signed and dated by the qualified appraiser no earlier than 60 days before the date of the contribution and no later than--

(i) The due date, including extensions, of the return on which the deduction for the contribution is first claimed;

(ii) In the case of a donor that is a partnership or S corporation, the due date, including extensions, of the return on which the deduction for the contribution is first reported; or

(iii) In the case of a deduction first claimed on an amended return, the date on which the amended return is filed.

(5) Valuation effective date--(i) Definition.  The valuation effective date is the date

to which the value opinion applies.

(ii) <u>Timely valuation effective date</u>.  For an appraisal report dated before the date of the contribution, as described in §1.170A-1(b), the valuation effective date must be no earlier than 60 days before the date of the contribution and no later than the date of the contribution.  For an appraisal report dated on or after the date of the contribution, the valuation effective date must be the date of the contribution.

(6) <u>Exclusion for donor knowledge of falsity</u>.  An appraisal is not a qualified appraisal for a particular contribution, even if the requirements of this paragraph (a) are met, if the donor either failed to disclose or misrepresented facts, and a reasonable person would expect that this failure or misrepresentation would cause the appraiser to misstate the value of the contributed property.

(7) <u>Number of appraisals required</u>.  A donor must obtain a separate qualified appraisal for each item of property for which an appraisal is required under section 170(f)(11)(C) and (D) and paragraph (d) or (e) of §1.170A-16 and that is not included in a group of similar items of property, as defined in §1.170A-13(c)(7)(iii).  For rules regarding the number of appraisals required if similar items of property are contributed, see section 170(f)(11)(F) and §1.170A-13(c)(3)(iv)(A).

(8) <u>Time of receipt of qualified appraisal</u>.  The qualified appraisal must be received by the donor before the due date, including extensions, of the return on which a deduction is first claimed, or reported in the case of a donor that is a partnership or S corporation, under section 170 with respect to the donated property, or, in the case of a deduction first claimed, or reported, on an amended return, the date on which the return is filed.

(9) Prohibited appraisal fees.  The fee for a qualified appraisal cannot be based to any extent on the appraised value of the property.  For example, a fee for an appraisal will be treated as based on the appraised value of the property if any part of the fee depends on the amount of the appraised value that is allowed by the Internal Revenue Service after an examination.

(10) Retention of qualified appraisal.  The donor must retain the qualified appraisal for so long as it may be relevant in the administration of any internal revenue law.

(11) Effect of appraisal disregarded pursuant to 31 U.S.C. section 330(c).  If an appraiser has been prohibited from practicing before the Internal Revenue Service by the Secretary under 31 U.S.C. section 330(c) at any time during the three-year period ending on the date the appraisal is signed by the appraiser, any appraisal prepared by the appraiser will be disregarded as to value, but could constitute a qualified appraisal if the requirements of this section are otherwise satisfied, and the donor had no knowledge that the signature, date, or declaration was false when the appraisal and Form 8283 (Section B) were signed by the appraiser.

(12) Partial interest.  If the contributed property is a partial interest, the appraisal must be of the partial interest.

(b) Qualified appraiser--(1) Definition.  For purposes of section 170(f)(11) and §1.170A-16(d)(1)(ii) and (e)(1)(ii), the term qualified appraiser means an individual with verifiable education and experience in valuing the type of property for which the appraisal is performed, as described in paragraphs (b)(2) through (4) of this section.

(2) Education and experience in valuing the type of property--(i) In general.  An

individual is treated as having education and experience in valuing the type of property within the meaning of paragraph (b)(1) of this section if, as of the date the individual signs the appraisal, the individual has--

(A) Successfully completed (for example, received a passing grade on a final examination) professional or college-level coursework, as described in paragraph (b)(2)(ii) of this section, in valuing the type of property, as described in paragraph (b)(3) of this section, and has two or more years of experience in valuing the type of property, as described in paragraph (b)(3) of this section; or

(B) Earned a recognized appraiser designation, as described in paragraph (b)(2)(iii) of this section, for the type of property, as described in paragraph (b)(3) of this section.

(ii) <u>Coursework must be obtained from an educational organization, generally recognized professional trade or appraiser organization, or employer educational program</u>.  For purposes of paragraph (b)(2)(i)(A) of this section, the coursework must be obtained from--

(A) A professional or college-level educational organization described in section 170(b)(1)(A)(ii);

(B) A generally recognized professional trade or appraiser organization that regularly offers educational programs in valuing the type of property; or

(C) An employer as part of an employee apprenticeship or educational program substantially similar to the educational programs described in paragraphs (b)(2)(ii)(A) and (B) of this section.

(iii) <u>Recognized appraiser designation defined</u>.  A <u>recognized appraiser</u>

<u>designation</u> means a designation awarded by a generally recognized professional appraiser organization on the basis of demonstrated competency.

(3) <u>Type of property defined</u>--(i) <u>In general</u>.  The type of property means the category of property customary in the appraisal field for an appraiser to value.

(ii) <u>Examples</u>.  The following examples illustrate the rule of paragraphs (b)(2)(i) and (b)(3)(i) of this section:

<u>Example (1)</u>.  <u>Coursework in valuing type of property</u>.  There are very few professional-level courses offered in widget appraising, and it is customary in the appraisal field for personal property appraisers to appraise widgets.  Appraiser <u>A</u> has successfully completed professional-level coursework in valuing personal property generally but has completed no coursework in valuing widgets.  The coursework completed by Appraiser <u>A</u> is for the type of property under paragraphs (b)(2)(i) and (b)(3)(i) of this section.

<u>Example (2)</u>.  <u>Experience in valuing type of property</u>.  It is customary for professional antique appraisers to appraise antique widgets.  Appraiser <u>B</u> has 2 years of experience in valuing antiques generally and is asked to appraise an antique widget.  Appraiser <u>B</u> has obtained experience in valuing the type of property under paragraphs (b)(2)(i) and (b)(3)(i) of this section.

<u>Example (3)</u>.  <u>No experience in valuing type of property</u>.  It is not customary for professional antique appraisers to appraise new widgets.  Appraiser <u>C</u> has experience in appraising antiques generally but no experience in appraising new widgets.  Appraiser <u>C</u> is asked to appraise a new widget.  Appraiser <u>C</u> does not have experience in valuing the type of property under paragraphs (b)(2)(i) and (b)(3)(i) of this section.

(4) <u>Verifiable</u>.  For purposes of paragraph (b)(1) of this section, education and experience in valuing the type of property are verifiable if the appraiser specifies in the appraisal the appraiser's education and experience in valuing the type of property, as described in paragraphs (b)(2) and (3) of this section, and the appraiser makes a declaration in the appraisal that, because of the appraiser's education and experience, the appraiser is qualified to make appraisals of the type of property being valued.

(5) <u>Individuals who are not qualified appraisers</u>.  The following individuals are not

qualified appraisers for the appraised property:

(i) An individual who receives a fee prohibited by paragraph (a)(9) of this section for the appraisal of the appraised property.

(ii) The donor of the property.

(iii) A party to the transaction in which the donor acquired the property (for example, the individual who sold, exchanged, or gave the property to the donor, or any individual who acted as an agent for the transferor or for the donor for the sale, exchange, or gift), unless the property is contributed within 2 months of the date of acquisition and its appraised value does not exceed its acquisition price.

(iv) The donee of the property.

(v) Any individual who is either--

(A) Related, within the meaning of section 267(b), to, or an employee of, an individual described in paragraph (b)(5)(ii), (iii), or (iv) of this section;

(B) Married to an individual described in paragraph (b)(5)(v)(A) of this section; or

(C) An independent contractor who is regularly used as an appraiser by any of the individuals described in paragraph (b)(5)(ii), (iii), or (iv) of this section, and who does not perform a majority of his or her appraisals for others during the taxable year.

(vi) An individual who is prohibited from practicing before the Internal Revenue Service by the Secretary under 31 U.S.C. section 330(c) at any time during the three-year period ending on the date the appraisal is signed by the individual.

(c) Effective/applicability date.  This section applies to contributions made on or after January 1, 2019.  Taxpayers may rely on the rules of this section for appraisals prepared for returns or submissions filed after August 17, 2006.

Par. 9.  Section 1.170A-18 is added to read as follows:

§1.170A-18  Contributions of clothing and household items.

(a) In general.  Except as provided in paragraph (b) of this section, no deduction is allowed under section 170(a) for a contribution of clothing or a household item (as described in paragraph (c) of this section) unless--

(1) The item is in good used condition or better at the time of the contribution; and

(2) The donor meets the substantiation requirements of §1.170A-16.

(b) Certain contributions of clothing or household items with claimed value of more than $500.  The rule described in paragraph (a)(1) of this section does not apply to a contribution of a single item of clothing or a household item for which a deduction of more than $500 is claimed, if the donor submits with the return on which the deduction is claimed a qualified appraisal, as defined in §1.170A-17(a)(1), of the property prepared by a qualified appraiser, as defined in §1.170A-17(b)(1), and a completed Form 8283 (Section B), "Noncash Charitable Contributions," as described in §1.170A-16(d)(3).

(c) Definition of household items. For purposes of section 170(f)(16) and this section, the term household items includes furniture, furnishings, electronics, appliances, linens, and other similar items.  Food, paintings, antiques, and other objects of art, jewelry, gems, and collections are not household items.

(d) Effective/applicability date. This section applies to contributions made after **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**.  Taxpayers may rely on the rules of this section for contributions made after August 17, 2006.

Par. 10.  §1.664-1 is amended by revising paragraph (a)(7)(i)(<u>b</u>) and adding a sentence to the end of paragraph (f)(1) to read as follows:

§1.664-1. <u>Charitable remainder trusts</u>.

(a) * * *

(7) * * *

(i) * * *

(<u>b</u>) Determined by a current qualified appraisal from a qualified appraiser, as those terms are defined in—

(<u>1</u>) Section 1.170A-13(c)(3) and 1.170A-13(c)(5), respectively, for appraisals prepared for returns or submissions filed on or before August 17, 2006;

(<u>2</u>) Section 3 of Notice 2006-96, 2006-2 CB 902, for appraisals prepared for returns or submissions filed after August 17, 2006, if the donations are made before January 1, 2019; or

(<u>3</u>) Section 1.170A-17(a) and 1.170A-17(b), respectively, for appraisals prepared for returns or submissions for donations made on or after January 1, 2019.

* * * * *

(f)<u>***</u>

<u>     </u>(1)* * * The provisions of paragraph §1.664-1(a)(7)(i)(b) apply as provided in that paragraph.

* * * * *

Par. 10.  §1.6050L-1 is amended by:

1.  Revising the first two sentences of paragraph (a)(2)(i).

2.  Revising paragraphs (c)(4)(i) introductory text and (d)(2).

3.  Revising the first sentences of paragraphs (e) and (f)(2)(ii).

4.  Adding paragraph (h).

The revisions and addition read as follows:

§1.6050L-1. <u>Information return by donees relating to certain dispositions of donated property</u>.

(a) * * *

(2) * * *

(i) <u>In general</u>. Paragraph (a)(1) of this section shall not apply with respect to an item of charitable deduction property disposed of by sale if the Form 8283 appraisal summary (as described in §1.170A-13(c)(4) for contributions made on or before **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]** and §1.170A-16(d)(3) for contributions made after **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**), or a successor form, signed by the donee with respect to the item contains, at the time of the donee's signature, a statement signed by the donor that the appraised value of the item does not exceed $500. In the case of a Form 8283 appraisal summary that describes more than one item, this exception shall apply only with respect to an item clearly identified as having an appraised value of $500 or less. * * *

* * * * *

(c) * * *

(4) * * *

(i) Shall provide its name, address, and employer identification number and a copy of the Form 8283 appraisal summary (as described in §1.170A-13(c)(4) for

contributions made on or before **INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]** and §1.170A-16(d)(3) for contributions made after **INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**) relating to the transferred property to the successor donee on or before the 15th day after the latest of -

* * * * *

(d) * * *

(2) Retention of Form 8283 appraisal summary. Every donee shall retain the Form 8283 appraisal summary (as described in §1.170A-13(c)(4) for contributions made on or before **INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]** and §1.170A-16(d)(3) for contributions made after **INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**) in the donee's records for so long as it may be relevant in the administration of any internal revenue law.

* * * * *

(e) Charitable deduction property. For purposes of this section, the term charitable deduction property means any property (other than money and publicly traded securities to which § 1.170A-13(c)(7)(xi)(B) does not apply) contributed after December 31, 1984, with respect to which the donee signs (or is presented with for signature in cases described in § 1.170A-13(c)(4)(iv)(C)(2)) a Form 8283 appraisal summary (as described in §1.170A-13(c)(4) for contributions made on or before **INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]** and §1.170A-16(d)(3) for contributions made after **INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER]**). * * *

* * * * *

(f) * * *

(2) * * *

(ii) <u>Exception</u>. Notwithstanding paragraph (f)(2)(i) of this section, in the case of a donee who, on the date of receipt of the transferred property, had no reason to believe that the substantiation requirements of §1.170A-13(c) or §1.170A-16(d) apply with respect to the property, the donee information return is not required to be filed until the 60th day after the date on which such donee has reason to believe that the substantiation requirements of §1.170A-13(c) or §1.170A-16(d) apply with respect to the property. * * *

* * * * *

(h)  <u>Effective/applicability dates</u>.  The first two sentences of paragraph (a)(2)(i), paragraphs (c)(4)(i) and (d)(2), and the first sentences of paragraphs (e) and (f)(2)(ii) apply to contributions made after **[INSERT DATE OF PUBLICATION IN THE FEDERAL REGISTER**.

PART 602--OMB CONTROL NUMBERS UNDER THE PAPERWORK REDUCTION ACT

Par. 11.  The authority citation for part 602 continues to read as follows:

Authority: 26 U.S.C. 7805.

Par. 12.  In §602.101, paragraph (b) is amended by adding in numerical order entries for 1.170A-15 through 1.170A-18 to read as follows:

<u>§602.101 OMB Control numbers</u>.

* * * * *

(b) * * *

_____

| CFR part or section where identified and described | Current OMB control No. |
| --- | --- |

* * * * *

| 1.170A-15 | 1545-1953 |
| 1.170A-16 | 1545-1953 |
| 1.170A-17 | 1545-1953 |
| 1.170A-18 | 1545-1953 |

* * * * *

_____

Kirsten Wielobob,

Deputy Commissioner for Services and Enforcement.

Approved: April 23, 2018.

David J. Kautter,

Assistant Secretary of the Treasury (Tax Policy).

[FR Doc. 2018-15734 Filed: 7/27/2018 8:45 am; Publication Date:  7/30/2018]